ANTONIA PACHECO Y SEDA, Appellant, *v.* REGISTRAR OF PROPERTY OF SAN GERMÁN, Respondent.

No. 814. Argued June 25, 1930.—Decided July 24, 1930.

*Luis López de Victoria* for appellant.

MR. JUSTICE ALDREY delivered the opinion of the Court.

In the partition of the estate of Manuel Vicario Abrini, deceased, there were allotted to his widow certain properties, some for the payment of the estate debts and others as her share of the community property, including among the latter so allotted a 14-acre parcel of land situated in the ward of Diego Hernández, of Yauco, and valued at $750. In recording this property in the name of the widow, on August 3, 1929, the Registrar of Property of San Germán stated in

the record that the same was subject to a mention for the payment of the debts set forth in the partition until said debts were paid, even though other properties from the estate had been allotted for that purpose.

The widow sold the said parcel to Julio Barrera Irizarry in whose name the same was recorded and who mortgaged it to the Federal Land Bank of Baltimore but did not receive, as alleged, the mortgage proceeds because said property is secured to the payment of the said debts. Subsequently, three of the creditors of the estate executed a public instrument acknowledging payment of their credits, which amounted to $816.45, and in the same instrument the widow applied such payments to the parcel in question for the purpose of cancelling the mention of payment constituting a lien thereon.

On presentation of that instrument in the registry of property, the cancellation referred to was refused in a lengthy decision setting forth the grounds for the refusal which can be summarized thus: That the widow Antonia Pacheco Seda can not apply for said cancellation because the parcel belongs now to Julio Barrera Irizarry; and that the payment by the widow of the sum of $816.45 to the three creditors relieved the parcel from liability to that extent but not from the other debts, and that she was without authority to apply such payment to the release of the parcel inasmuch as this privilege may be taken advantage of only by a debtor who owes several debts payable to a single creditor.

From that refusal the widow took the present administrative appeal seeking to have us order the cancellation requested.

In view of the conclusion reached by us in this appeal, we shall disregard the question of whether or not the appellant is entitled to apply for the cancellation of the lien on the said parcel appearing from the registry and shall decide the appeal upon the merits.

The property in question appears from the registry to constitute a security for the benefit of the creditors of the estate and the appellant can not, on the ground that three among such creditors have been paid, release that parcel from liability as to the unpaid creditors. Therefore, the decision appealed from must be affirmed.